UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT ROLAND PALMENTA,<br>    Petitioner, | :<br>:<br>: |
| v. | :    Case No. 3:20cv60(KAD) |
| | : |
| LEWIS G. EVANGELIDIS,<br>    Respondent. | :<br>: |

## **RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Kari A. Dooley, United States district Judge

    The petitioner, Scott Roland Palmenta ("Palmenta"), an inmate currently confined at the Worcester County Jail in West Boylston, Massachusetts, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the application of Connecticut's persistent serious felony offender statute, Connecticut General Statutes § 53a–40(c),[1] to the sentences imposed on him on August 7, 2009 for burglary in the second degree in *State v. Palmenta*, CR07-0124076 and for burglary in the third degree in *State v. Palmenta*, CR07-0125614.[2] The

---

[1] Connecticut General Statutes § 53a–40(c) provides: "A persistent serious felony offender is a person who (1) stands convicted of a felony, and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. This subsection shall not apply where the present conviction is for a crime enumerated in subdivision (1) of subsection (a) of this section and the prior conviction was for a crime other than those enumerated in subsection (a) of this section." The crimes enumerated in subdivision (1) of subsection (a) include "manslaughter, arson, kidnapping, robbery in the first or second degree, assault in the first degree, home invasion, burglary in the first degree or burglary in the second degree with a firearm." Connecticut General Statutes § 53a–40(a)(1). Connecticut General Statutes § 53a-40(k), formerly § 53a-40(j), provides that "[w]hen any person has been found to be a persistent serious felony offender, the court in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, or authorized by section 53a-35a if the crime of which such person presently stands convicted was committed on or after July 1, 1981, may impose the sentence of imprisonment authorized by said section for the next more serious degree of felony." Subsection (j) of § 53a–40 became subsection (k) as of October 1, 2015. *See* Public Acts, Spec. Sess., June 2015, No. 15–2, § 19.

[2] On February 6, 2020, Palmenta filed a notice stating that he was also challenging the enhancement of his sentence for identity theft imposed in *State v. Palmenta*, LLI-CR07-0125614. *See* ECF No. 6. Identity theft in the

respondent contends that the petition should be dismissed on the ground that it is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and on the alternative grounds that the sole claim in the petition is unexhausted and in any event lacks merit. For the reasons set forth below, the petition is dismissed.

**Procedural Background**

On May 22, 2007, Palmenta was arrested on various charges arising out of offenses committed in the town of Roxbury, Connecticut. Later that same day, in *State v. Palmenta*, LLI-CR07-0124076, (the "Roxbury case"), Palmenta was arraigned on one count of burglary in the third degree, one count of larceny in the third degree and one count of criminal mischief in the first degree and he was released on bond. *See* Mem. Opp'n Pet. Writ Habeas Corpus, App. L, ECF No. 12-12, at 34-35. On October 30, 2007, in *State v. Palmenta*, LLI-CR07-0125614, (the New Preston case"), a warrant was issued for Palmenta's arrest for various criminal offenses committed on October 12, 2007 in New Preston, a village in the town of Washington, Connecticut, to wit, identity theft in the third degree, larceny in the fourth degree, larceny in the sixth degree, burglary in the third degree, credit card theft, and illegal use of a credit card. *Id.* at 27-30. On November 8, 2007, Connecticut State Police officers executed the arrest warrant and Palmenta was thereafter arraigned.

On May 8, 2009, in the Roxbury case, Palmenta pled guilty to a previously filed long form information charging him with: burglary in the second degree in violation of Connecticut

---

third degree is a class D felony punishable by up to five years of imprisonment. *See* Connecticut General Statutes § 53a–129d(b); Conn. Gen. Stat. 53a-35a(8). On this count, the judge sentenced Palmenta to five years of imprisonment to be served concurrently to the ten-year sentence imposed on the burglary in the third degree count. *See id.* Accordingly, the sentence imposed was not above the statutory maximum in place prior to any application of

2

General Statutes § 53a–102(a)(2); attempted larceny in the third degree, in violation of Connecticut General Statutes §§ 53a–124(a)(2) and 53a–49; and criminal mischief in the second degree, in violation of Connecticut General Statutes § 53a–116(a)(1).  *See id.* at 46-47; *State v. Palmenta*, No. CR01124076S, 2014 WL 4817417, at *1 (Conn. Super. Ct. Aug. 21, 2014). Palmenta also admitted to being a Persistent Serious Felony Offender under Part B of the information in violation of General Statutes § 53a–40(c) and § 53a–40(j).  *See Palmenta*, 2014 WL 4817417, at *1.  Also on May 8, 2009, in the New Preston case, Palmenta pled guilty to a substitute information charging him with burglary in the third degree, in violation of Connecticut General Statutes § 53a–103; identify theft in the third degree, in violation of Connecticut General Statutes § 53a–129d; and larceny in the fifth degree, in violation of Connecticut General Statutes § 53a–125.  *See* Mem. Opp'n Pet. Writ Habeas Corpus, App. L, ECF No. 12-12, at 36.  Palmenta also admitted to being a Persistent Serious Felony Offender under Part B of the information in violation of Connecticut General Statutes § 53a–40(c) and § 53a–40(j).  *See id.*

On August 7, 2009, Palmenta was sentenced in both criminal cases.  *See Palmenta*, 2014 WL 4817417, at *1.  In the Roxbury case, on the count of burglary in the second degree, Palmenta was sentenced to twenty years of imprisonment, execution suspended after ten years, followed by five years of probation.[3] On the count of larceny in the third degree, Palmetta was sentenced to five years of imprisonment. On the count of criminal mischief in the second degree,

---

the persistent serious felony offender statute and was not enhanced thereunder.

[3] Burglary in the second degree is a Class C felony, *see* Conn. Gen. Stat. § 53a–102(b), for which the maximum penalty is ten years of imprisonment. Conn. Gen. Stat. 53a-35a(6).  The maximum term of imprisonment for a class B felony is twenty years. Conn. Gen. Stat. 53a-35a(7). Because Palmenta pled guilty to being a persistent serious felony offender, the maximum penalty to which he was exposed on the burglary count was enhanced from ten years to twenty years under the statute.

Palmenta was sentenced to one year of imprisonment. *See id.* The sentences imposed on the larceny and criminal mischief counts were to run concurrently to the sentence imposed on the burglary count. *See id.* In the New Preston case, on the count of burglary in the third degree, Palmenta was sentenced to ten years of imprisonment, execution suspended, followed by five years of probation[4] to be served consecutively to the sentence imposed on the burglary count in the Roxbury case. On the count of identity theft in the third degree, Palmenta was sentenced to five years of imprisonment, and on the count of larceny in the fifth degree he was sentenced to six months of imprisonment. *See id.* The sentences imposed on the identity theft and larceny counts were to be served concurrently to the sentence imposed on the burglary count. *See id.* Thus, Palmenta received a total effective sentence in both files of thirty years, execution suspended after ten years of imprisonment, followed by five years of probation. *See id.* Palmenta did not appeal his convictions or sentences. Pet. Writ of Habeas Corpus at 3.

On September 16, 2009, Palmenta filed a habeas petition in the Connecticut Superior Court for the Judicial District of Tolland challenging his convictions and thirty-year sentence. *See Palmenta v. Warden*, No. CV094003179, 2012 WL 2855768, at *1 (Conn. Super. Ct. June 12, 2012). On April 16, 2012, Palmenta filed an amended petition claiming that his trial attorney had "failed to provide him accurate advice as to whether Burglary [in the] 2nd Degree, one of the charges he was being asked to plead guilty to as part of the plea agreement, would make him

---

[4] Burglary in the third degree is a class D felony, Conn. Gen. Stat. § 53a-103(b), for which the maximum term of imprisonment is five years. Conn. Gen. Stat. 53a-35a(8). The maximum term of imprisonment for a class C felony is ten years. Conn. Gen. Stat. 53a-35a(7). Because Palmenta pled guilty to being a persistent serious felony offender, his maximum exposure at sentencing was ten years rather than five years.

eligible for parole after serving 50% or 85% of his sentence." *Id.* A hearing on the petition was held on April 19, 2012 and the petition was denied on June 12, 2012. *Id.* at *1-6. On September 9, 2014, the Connecticut Appellate Court dismissed Palmenta's appeal of the decision denying his habeas petition. *See Palmenta v. Comm'r of Correction*, 152 Conn. App. 702, 708, 99 A.3d 1254, 1258 (2014). On November 12, 2014, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court. *See Palmenta v. Comm'r of Correction*, 314 Conn. 941, 103 A.3d 164 (2014).

On June 25, 2013, Palmenta filed a second state habeas petition in the Connecticut Superior Court for the Judicial District of Tolland challenging his convictions and sentence. *See Palmenta v. Warden, State Prison*, No. TSRCV134005461, 2014 WL 2922416, at *1 (Conn. Super. Ct. May 21, 2014). He subsequently filed an amended petition raising a claim that trial counsel had provided him with ineffective assistance "in connection with his guilty pleas and sentencing in" both criminal cases and a claim that the attorney who had represented him in the first habeas petition had been ineffective. *Id.* On May 21, 2014, a judge dismissed the first claim on the ground that it was a successive claim and denied the second claim on the ground that Palmenta had failed to show that the representation by his habeas attorney fell below an objective standard of reasonableness as required by *Strickland v. Washington,* 466 U.S. 668 (1984). *See id.* at *1-4. On November 10, 2015, the Connecticut Appellate Court affirmed the decision denying the habeas petition. *See Palmenta v. Comm'r of Correction*, 161 Conn. App. 901, 125 A.3d 302 (2015) (*per curiam*). On December 16, 2015, the Connecticut Supreme Court

5

denied the petition seeking certification to appeal the decision of the appellate court.  *See Palmenta v. Comm'r of Correction*, 320 Conn. 909, 128 A.3d 507 (2015).

On March 20, 2014, while the second state habeas petition was still pending, Palmenta filed an amended motion to correct illegal sentence pursuant to Practice Book § 43–22.  *See Palmenta*, 2014 WL 4817417, at *1.  He challenged his thirty-year sentence on the ground that he was not a persistent serious felony offender under the exemption provision of Connecticut General Statutes § 53a–40(c) which provides: "'[t]his subsection shall not apply where the present conviction is for a crime enumerated in subdivision (1) of subsection (a) of this section and the prior conviction was for a crime other than those enumerated in subsection (a) of this section.'"  *Id.* *1-2 (quoting Conn. Gen. Stat. § 53a–40(c)).  Specifically, Palmenta "argue[d] that the exemption provision was susceptible to multiple constructions and that the word "and" in the provision could "be interpreted in either a conjunctive or disjunctive manner."  *Id.* *1.  The court concluded that the word "and" in the exemption provision was not intended to be interpreted in a disjunctive manner and that both pre-conditions must be met in order to qualify for the exemption.  *Id.* at *3-4.  Thus, the court denied Palmenta's motion to correct illegal sentence.  *Id.* at *5.

On September 6, 2016, the Connecticut Appellate Court affirmed the decision denying Palmenta's motion to correct illegal sentence.  *See State v. Palmenta*, 168 Conn. App. 37, 47, 144 A.3d 503, 509 (2016).  On October 18, 2016, the Connecticut Supreme Court denied the petition seeking certification to appeal the decision of the appellate court.  *See State v. Palmenta*, 323 Conn. 931, 150 A.3d 231 (2016).

On a date not known to the Court, Palmenta also filed an application for sentence review in the Roxbury case. He did not seek review of the sentence imposed in the New Preston case. *See State v. Palmenta*, No. LLICR07124076, 2017 WL 1434259, at *1 (Conn. Super. Ct. Mar. 28, 2017). On March 28, 2017, a panel of the Sentence Review Division affirmed the sentence imposed in the Roxbury case. *Id.* *2 ("Taking into consideration the petitioner's background, the nature of the instant offense, and the charges for which he stands convicted, the sentence imposed is appropriate and not disproportionate.").

On May 19, 2015, Palmenta filed a second motion to correct illegal sentence claiming that his thirty-year sentence was unlawful because the Department of Correction had failed to apply presentence jail credit of 638 days to his sentence. *See* Mem. Opp'n Pet. Writ Habeas Corpus, App. Q, ECF No. 12-17, at 1. After a hearing on January 19, 2018, the petition was denied on April 5, 2018. *Id.* at 10. Palmenta filed an appeal of the decision. *See State v. Palmenta*, AC 41878. On November 13, 2018, Palmenta withdrew the appeal. *See id.*, Apps. R & S.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of a federal petition for a writ of habeas corpus challenging a state court judgment of conviction. *See* 28 U.S.C. § 2244(d)(1). As relevant here, a state prisoner seeking federal habeas relief must file his petition within one year of:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1)(A).[5]  The limitations period may be tolled for the period "during which a properly filed" state habeas petition or other motion, application or petition for collateral review "is pending."  *See* 28 U.S.C. 2244(d)(2).  The proper filing of a state petition, motion or application for relief does not, however, "reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

**Discussion**

Palmenta asserts one ground in support of the petition for writ of habeas corpus.  Pet. Writ Habeas Corpus at 9.  He contends that the judge illegally applied the persistent serious felony offender statute to enhance the sentence imposed on the count of burglary in the second degree in the Roxbury case, and to enhance the sentence imposed on the count of burglary in the third degree in the New Preston case by relying on prior felony offenses that were non-violent.  He relies upon two United States Supreme Court cases that he asserts held that burglary is a non-violent offense and that Connecticut General Statutes § 53a–40(c) is unconstitutionally vague to the extent that it can result in enhanced sentences for non-violent prior felonies.  The respondent first asserts that Palmenta's petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).  Alternatively, the respondent argues that even if the petition was timely filed, the sole ground raised in the petition is unexhausted and in any event lacks merit.

---

[5] Alternatively, the one year period may run from : "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which

**Statute of Limitations**

On August 7, 2009, Palmenta was sentenced in both the Roxbury and New Preston cases. Because he did not appeal his convictions or sentences, they became final under 28 U.S.C. § 2244(d)(1) on August 27, 2009, the day that the twenty-day period within which he could have filed an appeal expired. *See* Conn. Practice Book § 63–1(a) ("Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given."). The statute of limitations began to run on August 28, 2009, the day after his convictions and sentences became final and may have run for nineteen days until Palmenta filed his first state habeas petition on September 16, 2009. The limitations period was tolled during the pendency of the first and second state habeas petitions as well as the first and second motions to correct illegal sentence. *See* 28 U.S.C. 2244(d)(2) (The limitations period may be tolled for the period "during which a properly filed" state habeas petition or other motion, application or petition for collateral review "is pending."). The statute of limitations began to run again on November 14, 2018, the day after Palmenta withdrew his appeal of the denial of the second motion to correct illegal sentence. Assuming it had run for nineteen days before the first habeas petition was filed, the statute elapsed 346 days later on October 25, 2019. The court did not receive the present petition for filing until January 13, 2020.

However, Palmenta signed the petition on October 28, 2019. But he does not indicate when he submitted it to prison officials in Massachusetts to be mailed to the court for filing. *See* Pet. Writ of Habeas Corpus at 21. Under the "prison mailbox rule," a *pro se* prisoner's notice of

---

the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D). These provisions are not applicable here.

appeal is filed when he delivers it to prison authorities for forwarding to the district court." The Second Circuit applies this rule to the filing of habeas petitions as well. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (Under "prison mailbox rule," a *pro se* prisoner's habeas petition is deemed "filed" on the date he gives it to prison officials for delivery to the court.).[6] The respondent has not offered evidence as to when Palmenta submitted the petition to prison officials for filing or when prison officials actually mailed the petition to the court. Rather, the respondent argues that even if the court were to assume that the Palmenta handed the petition to prison officials on October 28, 2019, the petition would still be untimely by three days.

The Court cannot reach this conclusion on the record before the Court. As noted above, Palmenta filed an application for sentence review, the date of which is not before the Court. Under Connecticut Practice Book § 43-24, an application for sentence review must be filed within thirty days of the date of sentencing – in this case by September 6, 2009. If Palmenta filed his application for sentence review between August 7, 2009 and September 6, 2009, the statute of limitations would have been tolled earlier than September 16, 2009, the date on which the first habeas petition was filed. And the filing of this petition as of October 28, 2019, when Palmenta presumably handed it to prison officials in Massachusetts to be mailed, might well be timely. *See Wall v. Kholi*, 562 U.S. 545, 556 (2011) (holding motion to reduce sentence that involved state court's consideration of various sentencing factors to determine whether sentence "was without justification and grossly disparate from other sentences" constituted "an application for collateral review that trigger[ed] AEDPA's tolling provision" under 28 U.S.C. § 2244(d)(2)). The

---

[6] Although the Clerk made a copy of the envelope in which the petition was mailed to the court, the date of mailing is not apparent from the postmark. *See id.* at 22.

Court simply has no way of knowing and accordingly, cannot conclude that the petition is time barred.

**Exhaustion**

The respondent next asserts that even if the petition was timely, the petitioner has not demonstrated that he exhausted the sole claim in the petition before filing this action. A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State"). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems. *See Davila v. Davis*, —— U.S. ——, 137 S. Ct. 2058, 2064 (2017) ("The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to ... correct a constitutional violation.' ") (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, (1995) (*per curiam*) (internal quotation marks and citation omitted). A federal claim has been

11

"fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).

The petitioner acknowledges that he did not exhaust his state court remedies or raise the issue asserted in this petition through any post-conviction motion or petition for habeas corpus in the state court. *See* Pet. Writ of Habeas Corpus at 9, 10, 17. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State... if he has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c)(3). Further, Petitioner does not allege that he would be unable bring this claim to the state courts. *See* Connecticut Practice Book § 43–22 ("The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."). Accordingly, the petition is subject to dismissal on this basis.

**Merits**

Despite Palmenta's failure to exhaust his claim, the court nonetheless may deny his claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). This is particularly true where the ground raised is meritless. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In support of his claim that the judge illegally applied the persistent serious felony offender statute to enhance the sentences imposed in both the Roxbury case and the New Preston

case, Palmenta contends that in 2019, the United States Supreme Court held in *Johnson v. United States* and *Sessions v. Dimaya* that burglary is not a crime of violence. Pet. Writ. Habeas Corpus at 19. In fact, the Supreme Court decided *Johnson v. United States*, 576 U.S. 591, 606 (2015) on June 26, 2015 and decided *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204, 1210 (2018) on April 17, 2018. He asserts that his prior felonies were for larceny and burglary and therefore were not violent crimes. From this he asserts that Connecticut's persistent serious felony offender statute is unconstitutionally vague to the extent it permits enhancement based upon prior non-violent felony convictions.

The cases cited by Palmenta do not stand for the proposition for which they are cited, and they have no bearing on the constitutionality of Connecticut's persistent felony offender statute. In *Dimaya*, the Court held that the residual clause of the federal criminal code's definition of a "crime of violence," as incorporated into the Immigration and Nationality Act's definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F), was impermissibly vague in violation of the Fifth Amendment's guarantee of due process. 138 S. Ct. at 1223. In *Johnson*, the Court held that the term "'violent felony,' defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another,'" in "the residual clause of the Armed Career Criminal Act," was impermissibly vague in violation of the Due Process Clause of the Fifth Amendment. 576 U.S. at 606 (quoting 18 U.S.C. § 924(e)(2)(B)).

Neither the impermissibly vague statutory term at issue in *Johnson*, "violent felony," nor the impermissibly vague statutory term at issue in *Dimaya*, "crime of violence," appear anywhere in Connecticut's persistent serious felony offender statute. Rather, Conn. Gen. Stat. §

53a–40(c), clearly sets forth the types of prior offenses which may be used to enhance a defendant's current sentence for a felony.  *See id.* ("A persistent serious felony offender is a person who (1) stands convicted of a felony, and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime."); Conn. Gen. Stat. § 53a-25(a) ("An offense for which a person may be sentenced to a term of imprisonment in excess of one year is a felony.").  Because the determination of whether a defendant is a persistent serious felony offender is not contingent on the nature of the current felony or the prior felonies as violent or non-violent, Palmenta's reliance on the Supreme Court's holdings in *Johnson* and *Dimaya* is misplaced.  The petition is dismissed on this basis.

**Conclusion**

Although it is clear that Palmenta did not exhaust his available state court remedies as to the sole ground in the petition, the Petition for Writ of Habeas Corpus, [**ECF No. 1**] is **DISMISSED** as lacking an arguable basis in law or fact.  The court concludes that "jurists of reason" could not disagree with the its resolution of Palmenta's claim or "conclude the issue[] presented [is] adequate to deserve encouragement to proceed further.'"  *Banks v. Dretke,* 540 U.S. 668, 705 (2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  Accordingly, a certificate of appealability will not issue.

The Clerk is directed to enter judgment and close this case.

SO ORDERED at Bridgeport, Connecticut this 2nd day of September 2020.

> ___/s/_____
> Kari A. Dooley
> United States District Judge